# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MYRON A. GLADNEY,

Plaintiff,

v.

CYNTHIA ODONNELL, SARA HILDEBRAND, W. DAWSON, and CAPTAIN ROWE,

Defendants.

Case No. 26-CV-1267-JPS

**ORDER**

Plaintiff Myron A. Gladney, an inmate confined at Kettle Moraine Correctional Institution ("KMCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF 1. Plaintiff paid the filing fee in full on July 20, 2026. This Order screens Plaintiff's complaint.

## 1. SCREENING THE COMPLAINT

### 1.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017)

(citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff brings this case against Defendants Cynthia Odonnell ("Odonnell"), Sara Hildebrand ("Hildebrand"), W. Dawson ("Dawson"), and Captain Rowe ("Row"). ECF No. 1 at 1. Plaintiff alleges that Defendants discriminated against him because of his race. *Id.* at 3. Plaintiff identifies himself as Black. *Id.* On January 19, 2025, Plaintiff was hired as a law clerk in the KMCI law library. *Id.* at 3-4. The KMCI law library had eight clerks at the time; four clerks were White, one clerk was Hispanic, and three clerks were Black. *Id.* at 4. Plaintiff alleges that the law clerks were similarly

situated to each other even though they had separate job duties within the library. *Id.* at 4-5.

On August 6, 2025, another Black library clerk was caught looking at pornographic images during his work shift. *Id.* at 5. Plaintiff was not working in the library on this day. *Id.* The following day, Hildebrand called and stated that Plaintiff was not to report to work until further notice. *Id.* at 6. For approximately one week after this incident, the law library was shut down. *Id.* After the law library reopened, a correctional officer told Plaintiff not to attend work. *Id.* On August 16, 2025, Plaintiff was removed from his position as a law clerk for safety and security concerns. Hildebrand, Dawson, and Rowe signed the removal DOC-1408 form. *Id.* Prior to his removal, Plaintiff had fulfilled his job duties and had never received a negative work evaluation. *Id.* Plaintiff found out that another Black law clerk had been removed from his position as well; however, the Hispanic and White law clerks retained their positions. *Id.* at 7. Plaintiff filed a complaint that he had been removed from his position on account of his race. *Id.* The only Black law clerks left in the law library were removed and these positions were replaced with White clerks. *Id.* at 7-8.

**1.3 Analysis**

The Court finds that, Plaintiff may proceed against Hildebrand, Dawson, and Rowe on a Fourteenth Amendment equal protection claim. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. The Equal Protection Clause protects against arbitrary discrimination "unrelated to the character of the activity allegedly discriminated against." *Reed v. Faulkner*, 842 F.2d 960, 962 (7th Cir. 1988). Incarcerated persons "'are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious

discrimination based on race.'" *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state a claim under the Equal Protection Clause, an incarcerated person must allege that the "defendants intentionally treated him differently because of his race" or other proscribed factor. *Id.* at 719–20 (citing *Ortiz v. Werner Enter., Inc.*, 834 F.3d 760 (7th Cir. 2016)). The plaintiff must show that: (1) similarly situated incarcerated persons have been treated differently by the government; and (2) there is no rational relationship between the dissimilar treatment and any legitimate penal interest. *See May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000).

Here, Plaintiff alleges that Hildebrand, Dawson, and Rowe discriminated against him by treating him differently than similarly situated law library clerks on account of his race. At the pleading stage, the Court will therefore allow Plaintiff to proceed on a Fourteenth Amendment equal protection claim against Hildebrand, Dawson, and Rowe.

The Court does not find, however, that Plaintiff states a claim against Odonnell. For a prison official to be personally liable, he or she must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Generally, the denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Odonnell's denial of Plaintiff's prisoner grievance does not show that she participated in the constitutional deprivation.

Plaintiff does not include any factual allegations about how Odonell was personally involved in the constitutional violation. As such, the Court will dismiss Odonell for the failure to state a claim against her.

## 2. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourteenth Amendment equal protection claim against Hildebrand, Dawson, and Rowe.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Defendant Odonell be and the same is hereby **DISMISSED** for the failure to state a claim against her;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Hildebrand, Dawson, and Rowe**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 29th day of October 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.